IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CAL HOWE, II,

      Plaintiff,                        No. CIV S-08-0715 MCE DAD P

    vs.

SHASTA COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.               ORDER

/

        Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis. Plaintiff has not submitted his in forma pauperis request on a proper form.

        Plaintiff's request for leave to proceed in forma pauperis will be denied, and plaintiff will be granted thirty days to submit a new request on a proper form. Plaintiff is cautioned that the form includes a section that must be completed by a jail official, and the application form must be accompanied by a certified copy of plaintiff's inmate trust account statement for the six-month period immediately preceding the filing of this action.

        The court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

1

1 § 1915A(a).  The court must dismiss a complaint or portion thereof if the inmate has raised

2 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

4 U.S.C. § 1915A(b)(1) & (2).

5 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11 Cir. 1989); Franklin, 745 F.2d at 1227.

12 A claim should be dismissed for failure to state a claim upon which relief may be

13 granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

14 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

15 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

16 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

17 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

18 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

19 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

20 411, 421 (1969).

21 Here, plaintiff alleges that defendant correctional officer Penland issued a

22 disciplinary report against him after plaintiff had filed a grievance alleging that officers Penland

23 and Heyde had used excessive force.  Plaintiff seeks injunctive relief by which he seeks to have

24 officer Penland's employment terminated, and punitive damages in the amount of $200,000.

25 Plaintiff is advised that the court does not have the authority to issue injunctions

26 requiring that a party's employment terminated.  Moreover, the court finds that plaintiff has not

provided sufficient factual allegations in support of his retaliation claim.  Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint.  Plaintiff is advised that to prevail on a retaliation claim, plaintiff must allege facts establishing that he was retaliated against for exercising a constitutional right and that retaliation was a substantial or motivating factor for the defendant's acts or conduct.  429 U.S. at 285-87; see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989).  Plaintiff must also allege facts showing that the defendant's retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  Therefore, in his amended complaint, plaintiff must provide further details about the disciplinary charge[1] and explain how it did not serve any penological goals.

The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  This includes the Shasta County Sheriff's Department, if plaintiff intends to include this entity as a defendant.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

---

[1] In this regard, plaintiff may submit with his amended complaint a copy of the disciplinary charge and a copy of his inmate grievance in which he alleged that officers Penland and Heyde utilized excessive force.

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 4, 2008, request for leave to proceed in forma pauperis is denied without prejudice;

2. Plaintiff shall submit, within thirty days from the service of this order, a properly completed application to proceed in forma pauperis on the form provided with this order;

3. Plaintiff's complaint, filed on April 4, 2008, is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" and plaintiff must use the form complaint provided by the court and answer each question;

5. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

6. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action and the form complaint for a § 1983 action.

DATED: April 25, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:ab/4
howe0715.14+

4